IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| RICKY ALLEN FACKRELL, | § | |
| v. | § | CIVIL ACTION NO. 1:23-cv-119 |
| | | CRIM. NO. 1:16-cr-00026(02) |
| UNITED STATES OF AMERICA | § | |

O R D E R

Before the Court is Movant Ricky Allen Fackrell's unopposed Motion to Exceed Page Limit (Dkt. #6) for his purported Motion for Collateral Relief to Vacate, Set Aside, or Correct Sentence and for a New Trial ("Motion to Vacate") pursuant to 28 U.S.C. § 2255 (Dkt. #1). Local Rule CV-3(b) requires a movant to seek leave of court to file a petition which exceeds the 100-page limit.

Movant's purported Motion to Vacate is 259 pages in length, excluding cover sheet, tables, certificate of service, and exhibits (Dkt. #1)—159 pages more than the 100-page limit stated in Local Rule CV-3(b). Movant is reminded that "[d]ocuments that exceed ten pages in length must include a table of contents and table of authorities, with page references." Local Rule CV-3(b). The failure to comply with this requirement may result in the document being unfiled as deficient.

As good cause for his leave to file a 259-page initial Motion to Vacate, Movant cites the voluminous nature of the underlying trial and appellate record, and the purported numerous errors that were committed during Movant's trial. Movant has not cited any reasons that are different from other cases that are similar in nature. Movant has already indicated a desire to file an amended Section 2255 motion.

A request for excess pages is reasonable in light of the procedural posture of the case; however, 259 pages is excessive. Neither the Constitution nor the ABA Guidelines require federal habeas counsel to raise every non-frivolous ground that might be raised. *Cf. Smith v. Robbins*, 528 U.S. 259, 288 (2000) (holding that appellate counsel "need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal."). It is therefore

**ORDERED** that Movant Fackrell's Motion to Exceed Page Limit (Dkt. #6) is **GRANTED in part** and **DENIED in part**. Movant is granted permission to file a Motion to Vacate pursuant to 28 U.S.C. § 2255 that does not exceed 170 pages in length, excluding cover sheet, tables, certificate of service, and exhibits. It is

**ORDERED** that the Clerk of Court shall **STRIKE** Docket Entry #1 from the record. It is further

**ORDERED** that Movant Fackrell shall file his conformed Motion for Collateral Relief to Vacate, Set Aside, or Correct Sentence and for a New Trial pursuant to 28 U.S.C. § 2255 on or before 60-days from the receipt of this Order. No extensions of time will be allowed. Movant's conformed Motion to Vacate shall be docketed as being filed on March 20, 2023, which is the same date as his original Motion to Vacate was docketed.

Also, before the court is Movant's Unopposed Motion for Leave to File Motion Under Seal (Dkt. #7). Movant seeks to have his Motion to Vacate pursuant to 28 U.S.C. § 2255 (Dkt. #7) sealed from public view. Considering the court's order above, Movant's Motion for Leave to File Motion Under Seal (Dkt. #7) is moot. Movant shall file a motion for leave to seal at the time that

he files his conformed Motion to Vacate pursuant to § 2255. It is therefore

**ORDERED** that Movant's Motion for Leave to File Motion Under Seal (Dkt. #7) his

Motion to Vacate pursuant to 28 U.S.C. § 2255 (Dkt. #1) is **DENIED as Moot.**

SIGNED this 25th day of May, 2023.

_____
Zack Hawthorn
United States Magistrate Judge