IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| RICKY FACKRELL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:23-cv-00119 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | **CAPITAL 2255 PROCEEDINGS** |
| | ) | |
| | ) | |
| Respondent. | ) | |

---

## MOTION TO INSPECT AND DUPLICATE COURT RECORDS

---

The District Court previously granted Mr. Fackrell's request for "all records in possession of the court related to the selection of the jury venire and jury selection." E.D. Tex. case no. 1:16-cr-26, Doc. Nos. 779, 783. Mr. Fackrell's legal team then traveled to the courthouse and retrieved all records provided by the District Court. The District Court's Operations Manager has since informed Mr. Fackrell's legal team that there are further responsive records and that a new motion would be required to obtain those records. Mr. Fackrell's legal team has consulted with an expert to describe more precisely the records "related to the selection of the jury venire and jury selection" that he continues to seek. Mr. Fackrell now moves this Court for an order authorizing the disclosure of the specific records noted below and/or an order allowing undersigned counsel and support staff to view and duplicate such records.

1

The purpose of this motion (and Mr. Fackrell's previous motion) is to facilitate the evaluation of whether the venire selection process for the grand jury responsible for returning the indictment in this case and the petit jury serving at trial was consistent with the policies of the Eastern District of Texas's Jury Plan, the Jury Selection and Service Act, and the Fair Cross-Section Guarantee

## I.    Background

### A.    Jury Plan

Throughout Mr. Fackrell's criminal proceedings, General Order 09-7 for the Eastern District of Texas, Appendix E, *Plan for the Random Selection of Jurors* (the Jury Plan, Ex. 1) governed the compilation of Jury Wheels from which the grand and petit venires for the Eastern District of Texas were to be drawn.[1]

The Jury Plan required that each division within the district compile a "Master Source List" and a "Master Jury Wheel" using voter registration lists provided after every federal election by the Texas Secretary of State.

Each division's "Master Source List" was composed of the voter registration list for the counties within that division, with each county's list arranged sequentially by voter certificate number and the separate county lists arranged alphabetically to form one continuous list of names. Jury Plan § 5. For the

---

[1] At a pre-trial status conference held on October 31, 2016, then-Jury Administrator Beth Harper testified that General Order 97-05 (the District's previous Jury Plan) was in effect. Case no. 1:16-cr-26, Doc. No. 84 at 5–6. However, the 2009 Jury Plan had already come into effect at this time. In any event, the 2009 Jury Plan and its predecessor are identical regarding the matters relevant to this motion. The 2009 Jury Plan has since been replaced by General Order 19-06.

Beaumont Division, the list of counties arranged alphabetically were Hardin, Jasper, Jefferson, Liberty, Newton, and Orange.

The Jury Plan required that each division maintain a "Master Jury Wheel" of at least 1000 names selected "at random" from the voter registration lists comprising the Master Source List. Jury Plan §§ 5, 6. The clerk was required to "insure that at all times a sufficient number of names are contained in each of the wheels so that grand and petit jury panels may be drawn at any time required by the court." Jury Plan, § 6. The Jury Plan makes no provisions for any kind of special wheel or different procedures for capital cases. Rather, it dictates that the clerk "shall establish and maintain *one* Master Jury Wheel for each jury division." Jury Plan § 6 (emphasis added).

The Jury Plan required the preparation of a demographic report after each refilling of each Master Jury Wheel, "[a]s required by the Judicial Conference of the United States" (presumably a Form AO-12). The Jury Plan also required that "the individual(s) who performed the task of randomly selecting the names pursuant to this Plan shall prepare and execute a certificate detailing their procedures and reporting on the performance and completion of the assignment and transmit the same promptly to the chief judge of the district." Jury Plan § 6.

## B.    Legal Proceedings

Mr. Fackrell was indicted on an initial indictment on March 3, 2016, and on a superseding indictment on June 2, 2016. Case no. 1:16-cr-26, Doc. Nos. 23, 47.

3

At a pre-trial status conference held on October 31, 2016, then-Jury Administrator Beth Harper testified: "We are in the process of building a new jury wheel specially for this case." Case no. 1:16-cr-26, Doc. No. 84 at 4.

Jury selection for Mr. Fackrell's trial began on April 2, 2018. Case no. 1:16-cr-26, Doc. No. 478. Mr. Fackrell was convicted of murder and sentenced to death. Case no. 1:16-cr-26, Doc. Nos. 673.

On September 9, 2022, Mr. Fackrell filed his Motion to Inspect and Duplicate Court Records, requesting "all records related to the selection of the jury venire and jury selection." Case No. 1:16-cr-26, Doc. No. 779. The District Court granted that motion. Case No. 1:16-cr-26, Doc. No. 783. Mr. Fackrell's team then visited the Beaumont courthouse on August 16, 2022, to review and obtain copies of those documents deemed responsive to the request. The documents received are detailed in Ex. 2 (Declaration of Satyra Deaver).

On November 7, 2022, Mr. Fackrell (via his legal team) requested copies of the reports and certificates referenced in the Jury Plan. Ex. 3. On November 30, 2022, Leigh Lyon, Operations Manager for the District Court, informed Mr. Fackrell's team that "no physical records exist for the grand jury's master wheel" and "all physical records for the petit jury wheel that still exist" had been made available. *Id*. Those records did not include the requested reports or certificates.

On February 6, 2023, Ms. Lyon emailed undersigned counsel, stating that a "disk containing the electronic data for the wheel from which the venire was summoned, which was maintained by the court's IT staff, still exists." Ex. 4. The

4

next day, Ms. Lyon informed counsel that a new motion would be required to obtain this data. Ex. 5.

Around the time of these communications with Ms. Lyon, Mr. Fackrell became aware of pleadings filed in habeas proceedings stemming from a separate multi-defendant capital case tried before the same District Court. *See Garcia v. United States*, case no. 1:13-cv-723, Doc. No. 160; *Snarr v. United States* case no. 1:13-cv-724, Doc. No. 146. These pleadings pertain to allegations that the District Court's creation of an unauthorized and non-random special jury wheel produced a non-representative jury.

On March 20, 2023, Mr. Fackrell filed his Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. Doc. No. 1.[2] In this motion, Mr. Fackrell alleged that the creation of a special jury wheel for his trial violated his constitutional rights, the Jury Selection and Service Act, and the Eastern District's Jury Plan. *Id.* at 41–42.

## II.    Request

Mr. Fackrell now requests that the Court make available the documents listed below, either through electronic delivery and/or an order permitting his counsel (and their staff) to inspect and duplicate the requested documents in person.[3] Mr. Fackrell has retained and consulted with Jeffrey Martin (an expert on

---

[2] The Court has since ordered that motion stricken, and Mr. Fackrell will file a conformed motion that will be docketed as having been filed on March 20, 2023. *See* Doc. No. 10.

[3] Mr. Fackrell would provide appropriate media for electronic duplication to the Court as requested.

statistical issues who has been involved in cases involving challenges to jury lists) and determined that the requested documents are necessary to evaluate whether any aspect of the venire selection process violated the law. *See Taylor v. Louisiana*, 419 U.S. 522, 528 (1975) ("the selection of a petit jury from a representative cross section of the community is an essential component of the Sixth Amendment right to a jury trial"). Mr. Martin's declaration (Ex. 6) explains the reasoning in support of each requested document.

<u>GRAND JURY RECORDS</u>

1. The Jury Plan for the Eastern District of Texas in effect at the time grand jurors were summoned in this case. This Plan is believed to be the "Plan for the Random Selection of Jurors for the Eastern District of Texas as amended March 26, 2009."

2. The jury division or divisions chosen for the grand jury in this case as described in the Jury Plan Sections 2 and 9.

3. Any AO-12 form or JS-12 form created which relates to the District and Divisional Master Jury Wheels and Qualified Jury Wheels that were used to summon the grand jurors in this case as required by 28 U.S.C. § 1863(a) and the Jury Plan Section 6.

4. Any AO-12 form or JS-12 forms completed in the last ten years.

5. Any other statistical or demographic analyses produced to ensure the quality and compliance of the Master Jury Wheels and Qualified Jury Wheels that were used to summon grand jurors in

this case with the Jury Plan Section 1, Jury Selection and Service Act, and constitutional requirements.

6. The date when the Master Jury Wheel that was used to summon grand jurors, in this case, was refilled as described in the Jury Plan Section 6.

7. The calculation that ensures each county within each division is substantially proportionately represented as described in the Jury Plan Section 5.

8. The procedures implemented related to prospective jurors who do not respond to a juror qualification form or have their juror qualification form returned from the Postal Service as undeliverable.

9. The date when grand jurors were summoned in this case.

10. The number of persons summoned from the Qualified Jury Wheel to be considered as grand jurors in this case.

11. The order requesting the drawing of grand jurors in this case.

12. The procedures for persons deferred to a different service date. If so, please describe the procedure used once the deferred juror attends on the deferral date including their order of consideration.

13. The request for the source data (voter registration lists) as described in the Jury Plan Section 4 and the response including the name, agency, and contact information.

14. The name, contact information, and description of work for any vendors who participated in creating the Master Jury Wheel or Qualified Jury Wheel.

15. The general notice described in the Jury Plan Section 6.

16. Any correspondence, specifications, or descriptions, whether internal or with parties outside the court such as vendors, regarding the creation of the Master Jury Wheel or Qualified Jury Wheel.

17. The District and all Divisional Master Jury Wheel data for each division as described in the Jury Plan Section 6 in electronic and accessible form that includes Juror Identification Number, Name, Address, Race, Gender, Hispanic Ethnicity, Date of Birth, County, and Jury Division. This data should include and identify any special or supplemental District or Division Master Jury Wheels.

18. The District and all Divisional Qualified Jury Wheel data for each division as described in the Jury Plan Section 8 in electronic and accessible form that includes Juror Identification Number, Name, Address, Race, Gender, Hispanic Ethnicity, Date of Birth, County, and Jury Division. This data should include and identify any special or supplemental District or Division Qualified Jury Wheels.

19. Status Codes for potential jurors who were selected from the Master Jury Wheel for qualification who either had their

8

qualification form returned by the postal service, did not respond, or were disqualified or exempted or excused from jury service or qualified for jury service as described in the Jury Plan. The data should be in electronic and accessible form that includes Juror Identification Number, whether the form was returned Undeliverable, whether the form was not returned, Reason for Disqualification /Exemption /Excuse /Qualification, Race, Gender, Hispanic Ethnicity, Year of Birth, Zip Code, City, County, and Jury Division.

20. To the extent it is not supplied otherwise, the information in items #17, #18, and #19 for 2012, 2014, 2016, and 2018 wheels, including any special or supplemental wheels.

21. The Juror Identification Number for persons selected as potential grand jurors in this case.

22. The Juror Identification Number and Pool Number for persons summoned as

potential jurors for all purposes from the Master Jury Wheel.

23. The source of data (Master Source List) in electronic form for the Master Jury Wheel used to summon grand jurors in this case as described in the Jury Plan Section 4 (voter registration lists). The data should include, as available, Voter Identification Number,

Name, Address, Race, Gender, Hispanic Ethnicity, Date of Birth, County, and Jury Division.

24. The juror qualification and summons forms for persons summoned to potentially become grand jurors in this case.

25. The disposition of each summoned potential grand juror in this case as to excusal, deferment, disqualification, or selection as described in the Jury Plan Section 7.

PETIT JURY RECORDS

1. The Jury Plan for the Eastern District of Texas in effect at the time trial jurors were summoned in this case. This Plan is believed to be the "Plan for the Random Selection of Jurors for the Eastern District of Texas as amended March 26, 2009."

2. The jury division or divisions chosen for the trial jury in this case as described in the Jury Plan Sections 2 and 9.

3. Any AO-12 form or JS-12 form created which relates to the District and Divisional Master Jury Wheels and Qualified Jury Wheels that were used to summon the trial jurors in this case as required by 28 U.S.C. § 1863(a) and the Jury Plan Section 6.

4. Any AO-12 form or JS-12 forms completed in the last ten years.

5. Any other statistical or demographic analyses produced to ensure the quality and compliance of the Master Jury Wheels and Qualified Jury Wheels that were used to summon trial jurors in

10

this case with the Jury Plan Section 1, Jury Selection and Service Act, and constitutional requirements.

6. The date when the Master Jury Wheel that was used to summon trial jurors in this case was refilled as described in the Jury Plan Section 6.

7. The calculation that ensures each county within each division is substantially proportionately represented as described in the Jury Plan Section 5.

8. The procedures implemented related to prospective jurors who do not respond to a juror qualification form or have their juror qualification form returned from the Postal Service as undeliverable.

9. The date when trial jurors were summoned in this case.

10. The number of persons summoned from the Qualified Jury Wheel to be considered as trial jurors in this case.

11. The order requesting the drawing of trial jurors in this case.

12. The procedures for persons deferred to a different service date. If so, please describe the procedure used once the deferred juror attends on the deferral date including their order of consideration.

13. The request for the source data (voter registration lists) as described in the Jury Plan Section 4 and the response including the name, agency, and contact information.

14. The name, contact information, and description of work for any vendors who participated in creating the Master Jury Wheel or Qualified Jury Wheel.

15. The general notice described in the Jury Plan Section 6.

16. Any correspondence, specifications, or descriptions, whether internal or with parties outside the court such as vendors, regarding the creation of the Master Jury Wheel or Qualified Jury Wheel.

17. The District and all Divisional Master Jury Wheel data for each division as described in the Jury Plan Section 6 in electronic and accessible form that includes Juror Identification Number, Name, Address, Race, Gender, Hispanic Ethnicity, Date of Birth, County and Jury Division. This data should include and identify any special or supplemental District or Division Master Jury Wheels.

18. The District and all Divisional Qualified Jury Wheel data for each division as described in the Jury Plan Section 8 in electronic and accessible form that includes Juror Identification Number, Name, Address, Race, Gender, Hispanic Ethnicity, Date of Birth, County and Jury Division. This data should include and identify any special or supplemental District or Division Qualified Jury Wheels.

19. Status Codes for potential jurors who were selected from the Master Jury Wheel for qualification who either had their

qualification form returned by the postal service, did not respond or were disqualified or exempted or excused from jury service or qualified for jury service as described in the Jury Plan. The data should be in electronic and accessible form that includes Juror Identification Number, whether the form was returned Undeliverable, whether the form was not returned, Reason for Disqualification /Exemption /Excuse Qualification, Race, Gender, Hispanic Ethnicity, Year of Birth, Zip Code, City, County, and Jury Division.

20. To the extent it is not supplied otherwise, the information in items #17, #18, and #19 for the 2012, 2014, 2016, and 2018 wheels, including any special or supplemental wheels.

21. The Juror Identification Number for persons selected as potential trial jurors in this case.

22. The Juror Identification Number and Pool Number for persons summoned as potential jurors for all purposes from the Master Jury Wheel.

23. The source of data (Master Source List) in electronic form for the Master Jury Wheel used to summon trial jurors in this case as described in the Jury Plan Section 4 (voter registration lists). The data should include, as available, Voter Identification Number,

13

Name, Address, Race, Gender, Hispanic Ethnicity, Date of Birth, County, and Jury Division.

24. The juror qualification and summons forms for persons summoned to potentially become trial jurors in this case.

25. The disposition of each summoned potential trial juror in this case as to excusal, deferment, disqualification, or selection as described in the Jury Plan Section 7.

26. Any documents not specifically named herein but responsive to the request for all records in possession of the court related to the selection of the Master Source List, the Master Jury Wheels for 2014, 2016, and 2018, the grand and petit jury venires selected for this case, and all aspects of jury selection.

If the Court is not in possession of any of the requested documents, Mr. Fackrell requests that the Court affirm this is the case. If any of the requested documents were destroyed, Mr. Fackrell requests that the Court indicate the date of the destruction, the reason for the destruction, and the name of the person who destroyed the documents.

Should any information contained within the requested documents be deemed personal or confidential, Mr. Fackrell requests that the Court issue a protective order rather than redacting the information. Any information received will be subject to review only by post-conviction counsel (and their staff) and experts retained by Mr. Fackrell in connection with jury selection issues.

14

Mr. Fackrell respectfully requests that the Court grant this motion and enter an order requiring the Clerk to transmit responsive records electronically, or, in the alternative, allowing his defense team to inspect and duplicate such records at the courthouse(s) in which they are located.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER FOR
THE MIDDLE DISTRICT OF TENNESSEE
CAPITAL HABEAS UNIT

KELLEY J. HENRY
Supervisory Asst. Federal Public Defender
810 Broadway, Suite 200
Nashville, TN 37203
Phone: (615) 736-5047
Fax:    (615) 736-5265
Email:  Kelley_Henry@fd.org

BY: /s/ *Kelley Henry*

# CERTIFICATE OF CONFERENCE

I hereby certify that on June 27, 2023, Assistant United States Attorneys Joe Batte and Bradley Visosky communicated that the Government does not oppose this request for court records but maintains its position that formal discovery is not appropriate in Mr. Fackrell's habeas proceedings.

*/s/ Kelley Henry*
Date: June 30, 2023

15

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this document has been served on counsel for the

Government by electronic case filing via the PACER CM/ECF system.

/s/ Kelley Henry
Date of Service: June 30, 2023