# EXHIBIT 6

**DECLARATION OF JEFFREY MARTIN**

The undersigned, Jeffrey Martin, declares as follows:

1. My name is Jeffrey O'Neal Martin. I hold a Bachelor's degree in Mathematics and Economics from Vanderbilt University and a Master's degree in Economics from the University of Chicago.

2. I am employed as a consultant on statistical issues, a consultant on actuarial issues, and as a consultant to political campaigns. I have been qualified as an expert on statistical issues in Federal Courts and State Courts.

3. Since 1997, I have been involved in cases involving challenges to the jury lists in Federal and State Courts. I have worked on over seventy federal cases in over twenty-five federal districts.

4. I have been asked by counsel to review the construction and implementation of the Master Jury Wheel and Qualified Jury Wheel that was used to select Grand Jurors and Trial Jurors in this case.

5. To complete the review, I require data as listed in "Attachment GJ" for data relating to the Grand Jury in this case and "Attachment TJ" for data relating to the Trial Jury in this case.

6. I am prepared to answer any questions the Court may have and will be glad to discuss ways in which the listed data can be delivered that best fits how the Clerk's office operates.

7. The listed data is common to other reviews of Federal jury wheels that I have been asked to perform. The listed data has been provided to me in connection with my work as an expert in similar challenges brought on behalf of federal criminal defendants in other federal jurisdictions.

8. Some of the listed data includes personal information and has been the subject of protective orders in other cases.

9. In "Attachment GJ" and "Attachment TJ" items #1 through #16 do not involve any personal or other information that could be used to identify any individual juror.

10. In "Attachment GJ" and "Attachment TJ" items #17 through #23 include personal information and can be the subject of a protective order.

11. In "Attachment GJ" and "Attachment TJ" items #24 and #25 inherently include personally identifiable information. The personal information can be redacted, only supplied for inspection in the Clerk's office to safeguard personal information, or be the subject of a protective order.

12. I require all of the listed data in order to analyze the demographic and systematic factors in the jury system in the Eastern District of Texas.

13. There are individual reasons for each of the listed data items as specifically described below.

Page 1

14. The reasons include the cross-verification of the different data items supplied.  My experience is that inconsistencies in the data are not unusual.  Many times these inconsistencies lead to the correction or the supplementation of the data.

15. This list of required data is designed to be complete enough to understand the jury system process used in the Eastern District of Texas. However, data always has the possibility of raising issues that were not envisioned at the outset.

16. The reason item #1 (Jury Plan) is required is to understand the procedures that were intended to be used to create the Master Jury Wheels and summon jurors.  It is also required to verify the specific jury plan intended to be applicable.

17. The reason item #2 (Division) is required is to identify which Master Jury Wheel is the subject of the analysis and whether it is consistent with the Jury Plan.

18. The reason items #3 and #4 (AO-12 Forms) are required is to understand the demographic analysis of the Jury Wheels completed by the Clerk and to ensure that the other data (such as the date of refilling the Jury Wheels item #6, and the Master Jury Wheel data items #17 through #19) are consistent with the reporting by the Clerk, the jury plan, the indictment, and the trial.  Form AO-12 is titled "Report on Operation of the Jury Selection Plan" and is required by 28 U.S.C. section 1863(a).

19. The reason item #5 (any statistical analyses) is required is to understand if any analysis besides the Form AO-12's (items #3 and #4) has been completed by the Court, Clerk, or others that would be similar to the analysis in this jury challenge.  If there are similarities or consistencies (or differences or inconsistencies) in the analysis, those similarities and differences can be considered and understood.

20. The reason items #6 (Master Jury Wheel refill date), #9 (date of summoning), #10 (number summoned), and #11 (summoning order) are required is to confirm that the data is consistent with the jury plan, indictment, and trial.

21. The reason items #7 (calculations), #8 (procedures), and #12 through #16 (procedures and requests) are required is to detail how the Jury Plan was implemented.

22. The reason items #17 through #20 (Master and Qualified Jury Wheel data) are required is to allow a demographic and systematic factor analysis of the jury system and to verify information on Form AO-12 (items #3 and #4) or any other statistical analyses (item #5). The data is also needed to determine if the data in item #24 (juror qualification and/or summons) and items #21 and #22 (jurors summoned) are consistent with the Master Jury Wheel data.

23. The reason item #23 (voter registration list) is required is to allow an understanding of the systematic factors in the demographic analysis.  The data is also needed to verify the implementation of provisions of the jury plan (item #1), the information on Form AO-12 (items #3 and #4) and statistical analyses (item #5), and the Master Jury Wheel data (items #17 through #19).

24. The reason item #24 (juror qualification and/or summons) and item #25 (potential juror disposition) are required is to confirm the Master Jury Wheel data (item #17 through #19) and jurors summoned (item #21) and that the data is consistent.

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

Dated this _6th_ day of _March 2023_

Jeffrey Martin

**ATTACHMENT GJ – GRAND JURY DATA**

1)      The Jury Plan for the Eastern District of Texas in effect at the time grand jurors were summoned in this case. This Plan is believed to be the "Plan for the Random Selection of Jurors for the Eastern District of Texas as amended March 26, 2009".

2)      The jury division or divisions chosen for the grand jury in this case as described in the Jury Plan Sections 2 and 9.

3)      Any AO-12 form or JS-12 form created which relates to the District and Divisional Master Jury Wheels and Qualified Jury Wheels that were used to summon the grand jurors in this case as required by 28 U.S.C. § 1863(a) and the Jury Plan Section 6.

4)      Any AO-12 form or JS-12 forms completed in the last ten years.

5)      Any other statistical or demographic analyses produced to ensure the quality and compliance of the Master Jury Wheels and Qualified Jury Wheels that were used to summon grand jurors in this case with the Jury Plan Section 1, Jury Selection and Service Act, and constitutional requirements.

6)      The date when the Master Jury Wheel that was used to summon grand jurors in this case was refilled as described in the Jury Plan Section 6.

7)      The calculation that ensures each county within each division is substantially proportionately represented as described in the Jury Plan Section 5.

8)      The procedures implemented related to prospective jurors who do not respond to a juror qualification form or have their juror qualification form returned from the Postal Service as undeliverable.

9)      The date when grand jurors were summoned in this case.

10)     The number of persons summoned from the Qualified Jury Wheel to be considered as grand jurors in this case.

11)     The order requesting the drawing of grand jurors in this case.

12)     The procedures for persons deferred to a different service date. If so, please describe the procedure used once the deferred juror attends on the deferral date including their order of consideration.

13)     The request for the source data (voter registration lists) as described in the Jury Plan Section 4 and the response including the name, agency, and contact information.

14)     The name, contact information, and description of work for any vendors who participated in creating the Master Jury Wheel or Qualified Jury Wheel.

15)     The general notice described in the Jury Plan Section 6.

16)    Any correspondence, specifications, or descriptions, whether internal or with parties outside the court such as vendors, regarding the creation of the Master Jury Wheel or Qualified Jury Wheel.

17)    The District and all Divisional Master Jury Wheel data for each division as described in the Jury Plan Section 6 in electronic and accessible form that includes Juror Identification Number, Name, Address, Race, Gender, Hispanic Ethnicity, Date of Birth, County, and Jury Division.  This data should include and identify any special or supplemental District or Division Master Jury Wheels.

18)    The District and all Divisional Qualified Jury Wheel data for each division as described in the Jury Plan Section 8 in electronic and accessible form that includes Juror Identification Number, Name, Address, Race, Gender, Hispanic Ethnicity, Date of Birth, County, and Jury Division.  This data should include and identify any special or supplemental District or Division Qualified Jury Wheels.

19)    Status Codes for potential jurors who were selected from the Master Jury Wheel for qualification who either had their qualification form returned by the postal service, did not respond or were disqualified or exempted or excused from jury service or qualified for jury service as described in the Jury Plan.  The data should be in electronic and accessible form that includes Juror Identification Number, whether the form was returned Undeliverable, whether the form was not returned, Reason for Disqualification/Exemption/Excuse/Qualification, Race, Gender, Hispanic Ethnicity, Year of Birth, Zip Code, City, County, and Jury Division.

20)    To the extent it is not supplied otherwise, the information in items #17, #18, and #19 for the 2012, 2014, 2016, and 2018 wheels, including any special or supplemental wheels.

21)    The Juror Identification Number for persons selected as potential grand jurors in this case.

22)    The Juror Identification Number and Pool Number for persons summoned as potential jurors for all purposes from the Master Jury Wheel.

23)    The source of data (Master Source List) in electronic form for the Master Jury Wheel used to summon grand jurors in this case as described in the Jury Plan Section 4 (voter registration lists).  The data should include, as available, Voter Identification Number, Name, Address, Race, Gender, Hispanic Ethnicity, Date of Birth, County, and Jury Division.

24)    The juror qualification and summons forms for persons summoned to potentially become grand jurors in this case.

25)    The disposition of each summoned potential grand juror in this case as to excusal, deferment, disqualification, or selection as described in the Jury Plan Section 7.

**ATTACHMENT TJ – TRIAL JURY DATA**

1)  The Jury Plan for the Eastern District of Texas in effect at the time trial jurors were summoned in this case. This Plan is believed to be the "Plan for the Random Selection of Jurors for the Eastern District of Texas as amended March 26, 2009".

2)  The jury division or divisions chosen for the trial jury in this case as described in the Jury Plan Sections 2 and 9.

3)  Any AO-12 form or JS-12 form created which relates to the District and Divisional Master Jury Wheels and Qualified Jury Wheels that were used to summon the trial jurors in this case as required by 28 U.S.C. § 1863(a) and the Jury Plan Section 6.

4)  Any AO-12 form or JS-12 forms completed in the last ten years.

5)  Any other statistical or demographic analyses produced to ensure the quality and compliance of the Master Jury Wheels and Qualified Jury Wheels that were used to summon trial jurors in this case with the Jury Plan Section 1, Jury Selection and Service Act, and constitutional requirements.

6)  The date when the Master Jury Wheel that was used to summon trial jurors in this case was refilled as described in the Jury Plan Section 6.

7)  The calculation that ensures each county within each division is substantially proportionately represented as described in the Jury Plan Section 5.

8)  The procedures implemented related to prospective jurors who do not respond to a juror qualification form or have their juror qualification form returned from the Postal Service as undeliverable.

9)  The date when trial jurors were summoned in this case.

10) The number of persons summoned from the Qualified Jury Wheel to be considered as trial jurors in this case.

11) The order requesting the drawing of trial jurors in this case.

12) The procedures for persons deferred to a different service date. If so, please describe the procedure used once the deferred juror attends on the deferral date including their order of consideration.

13) The request for the source data (voter registration lists) as described in the Jury Plan Section 4 and the response including the name, agency, and contact information.

14) The name, contact information, and description of work for any vendors who participated in creating the Master Jury Wheel or Qualified Jury Wheel.

15) The general notice described in the Jury Plan Section 6.

16)     Any correspondence, specifications, or descriptions, whether internal or with parties outside the court such as vendors, regarding the creation of the Master Jury Wheel or Qualified Jury Wheel.

17)     The District and all Divisional Master Jury Wheel data for each division as described in the Jury Plan Section 6 in electronic and accessible form that includes Juror Identification Number, Name, Address, Race, Gender, Hispanic Ethnicity, Date of Birth, County and Jury Division.  This data should include and identify any special or supplemental District or Division Master Jury Wheels.

18)     The District and all Divisional Qualified Jury Wheel data for each division as described in the Jury Plan Section 8 in electronic and accessible form that includes Juror Identification Number, Name, Address, Race, Gender, Hispanic Ethnicity, Date of Birth, County and Jury Division.  This data should include and identify any special or supplemental District or Division Qualified Jury Wheels.

19)     Status Codes for potential jurors who were selected from the Master Jury Wheel for qualification who either had their qualification form returned by the postal service, did not respond or were disqualified or exempted or excused from jury service or qualified for jury service as described in the Jury Plan.  The data should be in electronic and accessible form that includes Juror Identification Number, whether the form was returned Undeliverable, whether the form was not returned, Reason for Disqualification/Exemption/Excuse/Qualification, Race, Gender, Hispanic Ethnicity, Year of Birth, Zip Code, City, County, and Jury Division.

20)     To the extent it is not supplied otherwise, the information in items #17, #18, and #19 for the 2012, 2014, 2016, and 2018 wheels, including any special or supplemental wheels.

21)     The Juror Identification Number for persons selected as potential trial jurors in this case.

22)     The Juror Identification Number and Pool Number for persons summoned as potential jurors for all purposes from the Master Jury Wheel.

23)     The source of data (Master Source List) in electronic form for the Master Jury Wheel used to summon trial jurors Iin this case as described in the Jury Plan Section 4 (voter registration lists).  The data should include, as available, Voter Identification Number, Name, Address, Race, Gender, Hispanic Ethnicity, Date of Birth, County, and Jury Division.

24)     The juror qualification and summons forms for persons summoned to potentially become trial jurors in this case.

25)    The disposition of each summoned potential trial juror in this case as to excusal, deferment, disqualification, or selection as described in the Jury Plan Section 7.