IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| RICKY FACKRELL, #12324-081 | § | |
| vs. | § | CIVIL ACTION NO. 1:23cv119 |
| | | CRIM. NO. 1:16-CR-00026(2) |
| UNITED STATES OF AMERICA | § | |

O R D E R

Before the court is Movant Ricky Fackrell's *Unopposed Motion for Leave to File Motion Under Seal*. (Dkt. #18). Fackrell seeks leave to file under seal his entire *Motion for Collateral Relief to Vacate, Set Aside, or Correct Sentence and for a New Trial* (Dkt. #19) and the attached exhibits (Dkt. ##19-1 thru 19-71). In support of the motion, he explains that many of the arguments and exhibits in the § 2255 motion include confidential information as it relates to his medical and mental health conditions that are protected under HIPPA and information relating to testifying governmental witnesses and confidential informants. Movant does not provide any explanation why every line and page of his § 2255 motion and every exhibit should be sealed. He does not discuss the competing interests involved in the public's right to open access to the courts.

The public "has a common law right to inspect and copy judicial records." *Sec. & Exch. Comm'n v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993). This right "promotes the trustworthiness of the judicial process, curbs judicial abuses, and provides the public with a better understanding of the judicial process, including its fairness[, and] serves as a check on the integrity

1

of the system." *United States v. Sealed Search Warrants*, 868 F.3d 385, 395 (5th Cir. 2017) (citation, internal quotation marks, and brackets omitted).

The public's common law right of access is not absolute, however, and the "common law merely establishes a presumption of public access to judicial records." *Van Waeyenberghe*, 990 F.2d at 848. In any case, "[t]he district court's discretion to seal the record of judicial proceedings is to be exercised charily." *Fed. Savings & Loan Ins. Corp. v. Blain*, 808 F.2d 395, 399 (5th Cir. 1987); *cf. Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes.").

"In exercising its discretion to seal judicial records, the court must balance the public's common law right of access against the interests favoring nondisclosure." *Van Waeyenberghe*, 990 F.2d at 848. "'The presumption [is] gauged in favor of public access to judicial records[ ]' [and is] one of the interests to be weighed on the [public's] 'side of the scales.'" *Belo Broad. Corp. v. Clark*, 654 F.2d 423, 434 (5th Cir. Unit A Aug. 1981) (quoting *Nixon*, 435 U.S. at 602); *see also Van Waeyenberghe*, 990 F.2d at 848 n.4 (same). The "relevant facts and circumstances of the particular case" inform the factors that a court weighs on both sides. *Belo Broadcasting Corp.*, 654 F.2d at 430 (quoting *Nixon*, 435 U.S. at 599). Here, Movant does not provide the court with a basis to seal every line and page in his § 2255 motion or attached exhibits that outweighs the public's right to access to a death penalty habeas corpus proceeding with its attendant rules and laws regarding the scope and breadth of the arguments that can be asserted.

The Fifth Circuit in *Binh Hoa Le v. Exeter Finance Corp.*, 990 F.3d 410, 419 (5th Cir. 2021), reminded district courts that they must consider the public's interests in the right to access

to the judicial process. The Court, furthermore, strongly disapproves of the wholesale sealing of judicial records, without good cause. The Court explained:

> [U]nder the stricter balancing standard, litigants sometimes have good reasons to file documents (or portions of them) under seal, such as protecting trade secrets or the identities of confidential informants. But "[m]ost litigants have no incentive to protect the public's right of access."
>
> That's why "judges, not litigants" must undertake a case-by-case, "document-by-document," "line-by-line" balancing of "the public's common law right of access against the interests favoring nondisclosure." Sealings must be explained at "a level of detail that will allow for this Court's review." And a court abuses its discretion if it "ma[kes] no mention of the presumption in favor of the public's access to judicial records" and fails to "articulate any reasons that would support sealing."

*Id*. (citations omitted). It is therefore

**ORDERED** that Movant Fackrell's Unopposed Motion for Leave to File Motion Under Seal (Dkt. #18) is **DENIED**, without prejudice. It is further

**ORDERED** that within 30 days of this Order, Movant shall file a motion delineating which pages and lines of his § 2255 motion should be sealed and/or redacted and the reason why nondisclosure of the information outweighs the public's right of access to the judicial record. It is finally

**ORDERED** that the Government may file a response, within twenty days of the filing of Movant's motion, regarding any matter contained in Movant's § 2255 motion and/or exhibits which the Government maintains must be protected from the public's view and why.

SIGNED this 24th day of August, 2023.

_____
Zack Hawthorn
United States Magistrate Judge

3