IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

RICKY FACKRELL    §
                  §
V.                §    Civil No. 1:23-CV-119
                  §    Criminal No. 1:16-CR-26(02)
UNITED STATES OF AMERICA    §

## CORRECTED RESPONSE TO MOTION TO INSPECT AND DUPLICATE COURT RECORDS

Movant Ricky Fackrell seeks access to a broad spectrum of information related to the selection of the jury venires for grand and petit juries—including personal information such as "Juror Identification Number, Name, Address, Race, Gender, Hispanic Ethnicity, Date of Birth, County, and Jury Division" for *every* citizen who was included in *any* jury wheel for *any* division of the Court. 2255 ECF Doc. 13 (hereinafter "Motion") at 1, 6-14. The purpose for the request is to "facilitate the evaluation of whether the venire selection process for the grand jury responsible for returning the indictment in this case and the petit jury serving at trial was consistent with the policies of the Eastern District of Texas's Jury Plan, the Jury Selection and Service Act, and the Fair Cross-Section Guarantee," Motion at 2, based on a claim from another proceeding, Motion at 5, that the Court has already found meritless. The Court has discretion to give litigants access to its own records, but the Court should consider the stage of this proceeding and the merit of the claim prompting the request before granting Fackrell's motion.

## I. Stage of Proceeding

Fackrell and his codefendant Christopher Cramer were convicted and sentenced to death for the prison murder of a fellow inmate.  They jointly appealed their convictions and sentences on numerous grounds, none of which related to the composition of the jury wheel for the grand jury that indicted them or for their petit jury.  The Fifth Circuit affirmed.  *United States v. Fackrell*, 991 F.3d 589 (5th Cir. 2021).  The Supreme Court denied Fackrell's petition for writ of certiorari on March 21, 2022, *Fackrell v. United States*, 142 S. Ct. 1373 (2022), thus starting the limitations period for filing a motion under 28 U.S.C. § 2255.

Even before the Supreme Court denied Fackrell's petition for writ of certiorari, the Court appointed counsel for proceedings under Section 2255 (hereinafter "writ counsel").  Criminal ECF Doc. 771.  On September 1, 2022, writ counsel filed a generic motion that sought

> all records in possession of the Court related to this matter, including sealed documents pertinent to Mr. Fackrell, original documents filed with or presented to the court outside of the ECF system (including review of a complete docket sheet for sealed and ex parte entries, verdict forms, jury notes, and recordings or other materials not in the record), and all records related to the selection of the jury venire and jury selection (including qualification and case-related questionnaires in the original, educational pamphlets provided to the jury, strike lists, and attendance reports).

Criminal ECF Doc. 779.

The government did not oppose, and the Court granted the motion.  Criminal ECF Doc. 783.

Fackrell filed his Section 2255 motion on March 20, 2023.  Criminal ECF Doc.

818; 2255 ECF Doc. 1 (original motion), 19 (motion edited for compliance with Court order). The Court has not yet ordered the government to respond to the Section 2255 motion.

On June 30, 2023, Fackrell filed a motion seeking to inspect and duplicate a remarkably broad range of court records, some for a period of ten years. Motion at 6-13. Fackrell states that the information sought relates to his claim that "the creation of a special jury wheel for his trial violated his constitutional rights, the Jury Selection and Service Act, and the Eastern District's Jury Plan." Motion at 5 (citing 2255 ECF Doc. 1 at 41-42); *see also* 2255 ECF Doc. 19 at 31-32 (location of claim in corrected Section 2255 motion). Fackrell contends that "the requested documents are necessary to *evaluate whether* any aspect of the venire selection process violated the law." Motion at 6 (emphasis added). The merits of this claim will be addressed below.

The parties conducted a conference call on the motion. During the call, the government noted that the Court may exercise discretion to permit access to documents in its possession, but cautioned that the case is not at the point where discovery should be considered. The Court has now ordered the government to respond. 2255 ECF Doc. 14.

Although Fackrell casts his current motion as a follow-up request, the motion is much broader that his first motion and seeks what amounts to discovery from the Court. In another Section 2255 proceeding from a death-penalty case, the Court laid out the procedure for considering Section 2255 motions:

> [Defendants'] motions are governed by the Rules Governing Section 2255 Cases. The Rules provide for the orderly progression of § 2255 proceedings. Rule 3 provides for the filing of the motion and service.

> Rule4 provides for a preliminary consideration of the motion by a court. If a motion is not dismissed at that juncture, then Rule 5 provides for an answer and reply. The court will then review the answer and reply to determine whether the case should proceed. If the motion is not dismissed at that juncture, then Rule 6 provides for discovery. Discovery is permitted only on a showing of good cause.

*Garcia v. United States*, No. 1:13-CV-723, at 1 (E.D. Tex. Jan. 23, 2017) (ECF Doc. 79, order denying motion for discovery).

The Court correctly noted the limited nature of discovery in a Section 2255 proceeding: "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Rule 6 provides that a "judge may, *for good cause*, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law," but the "party requesting discovery must provide reasons for the request" and the "request must also include any proposed interrogatories and requests for admission, and must specify any requested documents." Rules Governing Section 2255 Cases 6(a) and (b) (emphasis added). These requirements apply in Section 2255 proceedings from capital cases:

> "A federal habeas court must allow discovery and an evidentiary hearing *only* where a factual dispute, if resolved in the petitioner's favor, would entitle him to relief...." *Ward v. Whitley*, 21 F.3d 1355, 1367 (5th Cir. 1994). *Conclusional allegations are insufficient to warrant discovery*; the petitioner must set forth specific allegations of fact. *Id.* (citing *Willie v. Maggio*, 737 F.2d 1372 (5th Cir.1984)).

*United States v. Webster*, 392 F.3d 787, 801-02 (5th Cir. 2004) (emphasis added) (denial of request for certificate of appealability).

In another federal capital case, the Fifth Circuit made clear that "fishing

expeditions" are not permitted under the guise of discovery:

> A petitioner demonstrates "good cause" under Rule 6(a) "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is ... entitled to relief." *Bracy*, 520 U.S. at 908-09…. We have noted that Rule 6 of the Rules Governing § 2254 petitions "does not authorize fishing expeditions." *Ward v. Whitley*, 21 F.3d 1355, 1367 (5th Cir. 1994). "[T]he district court's decision regarding the availability of discovery is ... committed to the sound discretion of the district court, and is reviewed under the abuse of discretion standard." *Clark v. Johnson*, 202 F.3d 760, 765-66 (5th Cir. 2000).

*United States v. Fields*, 761 F.3d 443, 478-79 (5th Cir. 2014), *as revised* (Sept. 2, 2014).

Here, the District's jury administrator advised Fackrell that a new jury wheel was being populated for his case more than a year before jury selection, which began on April 2, 2018:

> We are in the process of building a new jury wheel specially for this case. We have sent out 1600 jury qualification questionnaires to prospective jurors. That is our first step in our procedure which is outlined by our jury plan.
>
> *Names are randomly taken from the voter registration list from the State of Texas*. Prospective jurors are mailed a qualification questionnaire form to complete and return to the court. *After the court determines that they are qualified to serve, the names are entered into a pool and then randomly summoned*. The counties that are included for the Beaumont Division are Hardin, Jasper, Jefferson, Liberty, Newton, and Orange. *The juror names are chosen at random from a master registration list that is maintained by the Secretary of State of all persons registered to vote*.

Criminal ECF Doc. 84 at 4 (status conference hearing on October 31, 2016) (emphasis added).

While Fackrell later questioned use of the voter registration list instead of drivers' license records, Criminal ECF Doc. 138, he did not object to the procedure outlined by

the jury administrator.  Moreover, he notes no anomalies in the venire from which his jury was selected and points to no facts indicating a problem with selection of names for the jury wheel.  2255 ECF Doc. 19 at 31-32.  Instead, as Fackrell acknowledges, his complaint regarding the jury wheel is based solely on "pleadings filed in habeas proceedings stemming from a separate multi-defendant capital case tried before the same District Court."  Motion at 5 (citing *Garcia v. United States*, No. 1:13-CV-723 (E.D. Tex. Jan. 25, 2023) (ECF Doc. No. 160); *Snarr v. United States*, No. 1:13-CV-724 (E.D. Tex. Jan. 25, 2023) (Doc. No. 146)); *see also* 2255 ECF Doc. 19 at 31-32.  Those pleadings—motions to recuse filed in another case that have now been denied—do not constitute good cause for discovery in this case, much less at the early stage of this proceeding.

## II.  Merit of the Underlying Claim

Fackrell cannot show good cause for discovery because the claim to which it relates is meritless.  The allegation regarding composition of the jury wheel in his Section 2255 motion is remarkably non-specific and conclusory.  2255 ECF Doc. 19 at 31-32; *Webster*, 392 F.3d at 801-02 ("Conclusional allegations are insufficient to warrant discovery.").  Indeed, the sole basis for Fackrell's claim is "information and belief" gathered from the joint motions to recuse filed in *Snarr* and *Garcia*.  2255 ECF Doc. 19 at 31-32; Motion at 5 (citing *Garcia v. United States*, No. 1:13-CV-723 (E.D. Tex. Jan. 25, 2023) (ECF Doc. No. 160); *Snarr v. United States*, No. 1:13-CV-724 (E.D. Tex. Jan. 25, 2023) (Doc. No. 146)).  Fackrell candidly admits that he is casting the broad discovery request in hopes of finding some—indeed, *any*—factual support for his claim: "The purpose of this motion … is to *facilitate the evaluation of whether* the venire

6

selection process for the grand jury responsible for returning the indictment in this case and the petit jury serving at trial was consistent with the policies of the Eastern District of Texas's Jury Plan, the Jury Selection and Service Act, and the Fair Cross-Section Guarantee." Motion at 2 (emphasis added). But that is not the way discovery works in a Section 2255 proceeding. Fackrell must show good cause for discovery by identifying "specific allegations before the court show[ing] reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is ... entitled to relief." *Fields*, 761 F.3d at 478-79 (quoting *Bracy*, 520 U.S. at 908-09).

Fackrell cannot meet his burden here. In separate-but-identical orders denying the motions to recuse in *Snarr* and *Garcia*, the Court found that the underlying claims were not valid. The Court fully addressed Snarr's and Garcia's claims under the Jury Selection and Service Act (JSSA), 18 U.S.C. § 1867, and the Sixth Amendment:

> Movant errs in raising these claims substantively and in a Motion to Recuse because he did not comply with the statutory mandates of 28 U.S.C. §§ 1867(a) and (e) and fails to state a prima facie case regarding his Sixth Amendment fair cross-section of the community claim.

*Snarr v. United States*, No. 1:13-CV-724, at 8 (E.D. Tex. June 28, 2023) (Doc. No. 163); *Garcia v. United States*, No. 1:13-CV-723, at 7-8 (E.D. Tex. June 28, 2023) (ECF Doc. No. 174).

First, the Court pointed out that the JSSA claims were statutorily foreclosed under Section 1867:

7

Section 1867(a) provides:

> In criminal cases, before the voir dire examination begins, or within seven days after the defendant discovered or could
>
> have discovered, by the exercise of diligence, the grounds therefor, *whichever is earlier*, the defendant may move to dismiss the indictment or stay the proceedings against him on the ground of substantial failure to comply with provisions of this title in selecting the grand or petit jury.

28 U.S. C. § 1867(a) (emphasis added). Thus, any claim under the JSSA must be brought no later than the beginning of voir dire. *United States v. Rosbottom*, 763 F.3d 408, 415 (5th Cir. 2014) (holding that defendant's claim under the JSSA was untimely because defendant did not file a motion or sworn statement before the voir dire examination began) … ; *United States v. Smith*, No. CR 19-324 (BAH), 2022 WL 425059, at *13 (D.D.C. Feb. 11, 2022) (holding that the beginning of voir dire is the latest possible time to bring a JSSA challenge). … By failing to act timely as directed by § 1867(a), a defendant waives his objection under the JSSA.

The JSSA mandates in § 1867(e):

> The procedures prescribed by this section shall be the exclusive means by which a person accused of a Federal crime, the Attorney General of the United States or a party in a civil case may challenge any jury on the ground that such jury was not selected in conformity with the provisions of this title. Nothing in this section shall preclude any person or the United States from pursuing any other remedy, civil or criminal, which may be available for the vindication or enforcement of any law prohibiting discrimination on account of race, color, religion, sex, national origin or economic status in the selection of persons for service on grand or petit juries.

28 U.S.C. § 1867(e). The Fifth Circuit has explained that the JSSA "is to be strictly construed, and failure to comply precisely with its terms forecloses a challenge." *Rosbottom*, 763 F.3d at 415 (quoting *United States v. Bearden*, 659 F.2d 590, 595 (5th Cir. Unit B 1981)).

The court notes that Congress used the plain language of "exclusive means" in Subsection (e) pertaining to the ability of a criminal defendant to

challenge defects asserted under the JSSA. The language implies that Congress did not intend criminal defendants to raise any JSSA challenges in proceedings beyond jury selection. Because Movant failed to comply with § 1867(a), he is now foreclosed or barred from asserting a claim under the JSSA in this context. *See United States v. Ballard*, 779 F.2d 287, 295 (5th Cir. …1986); *United States v. Green*, 742 F.2d 609,612 (11th Cir. 1984).

*Snarr v. United States*, No. 1:13-CV-724, at 9-10 (E.D. Tex. June 28, 2023) (Doc. No. 163); *Garcia v. United States*, No. 1:13-CV-723, at 8-10 (E.D. Tex. June 28, 2023) (ECF Doc. No. 174).

After addressing the JSSA claims, the Court turned to the constitutional claims and held that they, too, lacked merit:

Movant also raises a challenge under the Sixth Amendment's right to a venire pool selected from a jury wheel that represents a fair cross-section of the community. *See Taylor v. Louisiana*, 419 U.S. 522, 528 (1976). The Sixth Amendment guarantees a criminal defendant the right to a trial by a jury selected at random from a fair cross-section of the community. *Berghuis v. Smith*, 559 U.S. 314, 319 (2010) (citing *Taylor*, 419 U.S. at 537); *see United States v. Simpson*, 645 F.3d 300, 312 (5th Cir. … 2011); *United States v. Alix*, 86 F.3d 429, 434 (5th Cir. 1996). The fair-cross-section guarantee applies to both grand and petit juries. *Peters v. Kiff*, 407 U.S. 493, 504 (1972); *Murphy v. Johnson*, 205 F.3d 809, 817-18 (5th Cir. … 2000). A defendant is not entitled to a grand or petit jury that consists of a particular racial composition because there is no requirement that the "juries actually chosen must mirror the community and reflect the various distinctive groups in the population." *Taylor*, 419 U.S. at 538. "[B]ut the jury wheels, pools of names, panels, or venires from which juries are drawn must not systematically exclude distinctive groups in the community and thereby fail to be reasonably representative thereof." *Id.*

Nevertheless, as the Fifth Circuit has recognized, "a jury list drawn objectively, mechanically, and at random from the entire voting list of a [district] is entitled to the presumption that it is drawn from a source which is a fairly representative cross-section of the inhabitants of that jurisdiction. The presumption, of course, is rebuttable but the challenger must carry the burden of showing that the product of such a procedure is, in fact, constitutionally defective." *Thompson v. Sheppard*, 490 F.2d 830, 833 (5th

9

Cir. 1974) …; *see United States v. Quiroz*, 137 F. App'x 667, 670 (5th Cir. 2005) ….

To establish a constitutional defect, namely, a *prima facie* violation of the Sixth Amendment's fair-cross-section requirement, a defendant must demonstrate:

> (1) that the group alleged to be excluded is a "distinctive" group in the community;
>
> (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and
>
> (3) that this underrepresentation is due to systematic exclusion of the group in the jury-selection process.

*Duren v. Missouri*, 439 U.S. 357, 364 (1979). The intent to discriminate forms no part of the fair-cross-section analysis. *Id.* at 368 n.26. If the defendant establishes a *prima facie* case, the burden shifts to the government to prove "that a significant state interest [is] manifestly and primarily advanced by those aspects of the jury-selection process … that result in the disproportionate exclusion of a distinctive group." *Id.* at 367-68.

In order to state a claim under the fair cross-section requirement, Movant must show that a distinctive group is generally and systematically excluded from jury venires. *Timmel v. Phillips*, 799 F.2d 1083, 1086 (5th Cir. 1986); *see United States v. DeFries*, 129 F.3d 1293, 1301 (D.C. Cir. 1997) ("Underrepresentation of a cognizable group in a single venire, without evidence of a greater pattern, is insufficient to establish the 'systematic exclusion of the group' required by *Duren* …. From a small sample size based on one venire it is difficult to determine whether the disparity is random or systemic." (citations omitted)); *Singleton v. Lockhart*, 871 F.2d 1395, 1399 (8th Cir. [1989]) ("Evidence of a discrepancy on a single venire panel cannot demonstrate systematic exclusion.") …; *United States v. Miller*, 771 F.2d 1219, 1228 (9th Cir. 1985) (holding that the *Duren* Court's use of the plural when describing "venires" from which "juries" are selected indicated that a violation of the underrepresentation element cannot be premised on underrepresentation on a single jury venire). Movant has not alleged, much less demonstrated, general and systematic exclusion of a distinctive group from jury venires in the Eastern District of Texas. Accordingly, Movant has failed to meet the standard required to establish a

Sixth Amendment violation regarding the venire pool.

*Snarr v. United States*, No. 1:13-CV-724, at 10-13 (E.D. Tex. June 28, 2023) (Doc. No. 163) (internal footnotes omitted); *Garcia v. United States*, No. 1:13-CV-723, at 10-12 (E.D. Tex. June 28, 2023) (ECF Doc. No. 174).

Finally, to the extent that Snarr and Garcia raised Fifth Amendment claims, the Court disposed of them with a footnote: "an equal protection claim for discrimination in the selection of grand or petit juries requires the defendant to show purposeful or intentional discrimination."[1] *Snarr v. United States*, No. 1:13-CV-724, at 12 n.7 (E.D. Tex. June 28, 2023) (Doc. No. 163) (citing *Castaneda v. Partida*, 430 U.S. 482, 493 (1977)); *Garcia v. United States*, No. 1:13-CV-723, at 11 n.7 (E.D. Tex. June 28, 2023) (ECF Doc. No. 174).

After the Court entered its orders on the motions to recuse, another Magistrate Judge in the District denied Snarr's and Garcia's related motions for discovery from the Court and its staff, again explaining the lack of merit in the underlying claims. *Snarr v. United States*, No. 1:13-CV-724, at 14-18 (E.D. Tex. July 20, 2023) (Doc. No. 164); *Garcia v. United States*, No. 1:13-CV-723, at 14-18 (E.D. Tex. July 20, 2023) (ECF Doc. No. 175).

---

[1] Although not mentioned in the motion to which this response is directed, Fackrell alleges—in passing and with no factual support—that exclusion of distinctive groups violated the Fifth Amendment's equal protection guarantee. 2255 ECF Doc. 19 at 32.

Here, Fackrell's "piggyback" claim is wholly dependent on the claims advanced by *Snarr* and *Garcia*, so it suffers the same dearth of merit. Fackrell cannot show good cause for discovery of the documents he seeks because the claim to which they relate must be denied, both as untimely and as substantively deficient. Therefore, the documents will never be relevant to resolution of Fackrell's Section 2255 motion. *Webster*, 392 F.3d at 801-02 ("A federal habeas court must allow discovery and an evidentiary hearing *only* where a factual dispute, if resolved in the petitioner's favor, would entitle him to relief." (quoting *Ward*, 21 F.3d at 1367)).

### III. Conclusion

The United States recognizes that the Court may exercise discretion to release its documents to Fackrell, but respectfully notes that the Court may deny Fackrell's motion to inspect and duplicate Court records because the claim to which it relates lacks merit.

Respectfully submitted,

DAMIEN M. DIGGS
UNITED STATES ATTORNEY

/s/ Joseph R. Batte
JOSEPH R. BATTE
Assistant United States Attorney
Texas Bar No. 01918070
550 Fannin, Suite 1250
Beaumont, Texas 77701
(409) 839-2538
(409) 839-2550 (fax)
email: joe.batte@usdoj.gov

**Certificate of Service**

I certify that on September 8, 2023, this document was served by the Court's ECF system on counsel for Ricky Fackrell.

/s/ Joseph R. Batte
Joseph R. Batte
Assistant United States Attorney