IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

RICKY FACKRELL, #12324-081 §

vs. § CIVIL ACTION NO. 1:23cv119
CRIM. NO. 1:16-CR-00026(2)

UNITED STATES OF AMERICA §

O R D E R

Before the court is the Government's *Unopposed Motion to Seal Response to Section 2255 Motion and Exhibits*. (Dkt. #42). The Government seeks leave to file the entirety of its Response (Dkt. #43) and the exhibits attached thereto (Dkt. ##43-1 thru 43-2) under seal. In support of the motion, the Government explains that it cannot adequately address Fackrell's claims without referring to Fackrell's sealed motion and exhibits; and thus, seeks to file its Response (Dkt. #43) under seal. The court has since addressed Fackrell's motion to seal his § 2255 motion and its exhibits (Dkt. #51); thus, removing any blanket prohibition on openly discussing the § 2255 motion and its exhibits in court documents.

The public "has a common law right to inspect and copy judicial records." *Sec. & Exch. Comm'n v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993), including Fackrell's § 2255 Motion and attached exhibits, and the Government's Response. This right "promotes the trustworthiness of the judicial process, curbs judicial abuses, and provides the public with a better understanding of the judicial process, including its fairness[, and] serves as a check on the integrity of the system." *United States v. Sealed Search Warrants*, 868 F.3d 385, 395 (5th Cir. 2017) (citation, internal quotation marks, and brackets omitted).

1

The public's common law right of access is not absolute, however, and the "common law merely establishes a presumption of public access to judicial records." *Van Waeyenberghe*, 990 F.2d at 848. In any case, "[t]he district court's discretion to seal the record of judicial proceedings is to be exercised charily." *Fed. Savings & Loan Ins. Corp. v. Blain*, 808 F.2d 395, 399 (5th Cir. 1987); *cf. Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes.").

"In exercising its discretion to seal judicial records, the court must balance the public's common law right of access against the interests favoring nondisclosure." *Van Waeyenberghe*, 990 F.2d at 848. "'The presumption [is] gauged in favor of public access to judicial records[ ]' [and is] one of the interests to be weighed on the [public's] 'side of the scales.'" *Belo Broad. Corp. v. Clark*, 654 F.2d 423, 434 (5th Cir. Unit A Aug. 1981) (quoting *Nixon*, 435 U.S. at 602); *see also Van Waeyenberghe*, 990 F.2d at 848 n.4 (same). The "relevant facts and circumstances of the particular case" inform the factors that a court weighs on both sides. *Belo Broadcasting Corp.*, 654 F.2d at 430 (quoting *Nixon*, 435 U.S. at 599). Here, the Government does not provide the court with a basis to seal every line and page in its Response to Fackrell's § 2255 motion or the attached exhibits that outweighs the public's right to access to a death penalty habeas corpus proceeding with its attendant rules and laws regarding the scope and breadth of the arguments that can be asserted.

The Fifth Circuit in *Binh Hoa Le v. Exeter Finance Corp.*, 990 F.3d 410, 419 (5th Cir. 2021), reminded district courts that they must consider the public's interests in the right to access to the judicial process. The Fifth Circuit, furthermore, strongly disapproves of the wholesale sealing of judicial records, without good cause. The Court explained:

> [U]nder the stricter balancing standard, litigants sometimes have good reasons to file documents (or portions of them) under seal, such as protecting trade secrets or the identities of confidential informants. But "[m]ost litigants have no incentive to protect the public's right of access."
>
> That's why "judges, not litigants" must undertake a case-by-case, "document-by-document," "line-by-line" balancing of "the public's common law right of access against the interests favoring nondisclosure." Sealings must be explained at "a level of detail that will allow for this Court's review." And a court abuses its discretion if it "ma[kes] no mention of the presumption in favor of the public's access to judicial records" and fails to "articulate any reasons that would support sealing."

*Id.* (citations omitted). It is therefore

**ORDERED** that the Government's *Unopposed Motion to Seal Response to Section 2255 Motion and Exhibits* (Dkt. #42) is **DENIED**, without prejudice. It is further

**ORDERED** that within 30 days of this Order, the Government shall file a motion delineating which pages and lines of its Response to the § 2255 motion should be sealed and/or redacted and the reason why nondisclosure of the information outweighs the public's right of access to the judicial record. The Government should take notice of the court's Order (Dkt. #51) regarding those issues or arguments that should be redacted.

SIGNED this 5th day of November, 2024.

_____
Zack Hawthorn
United States Magistrate Judge