| | | |
|---|---|---|
| RICKY FACKRELL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:23-CV-00119 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | **2255 PROCEEDINGS** |
| | ) | |
| | ) | |
| Respondent. | ) | |

## RESPONSE TO COURT'S JANUARY 5, 2025 ORDER
## REGARDING CLAIMS THAT ARE NOT MOOT

Ricky Fackrell, through counsel, responds to this Court's January 5, 2025 Order, R. 60, that he specify which issues continue to present a live case or controversy and are not moot under *United States v. Surratt*, 855 F.3d 218 (4th Cir.), *cert. denied*, 583 U.S. 1040 (2017). Mr. Fackrell avers that the following claims listed in his Motion for Collateral Relief to Vacate, Set Aside, or Correct Sentence and For a New Trial are not moot and remain live controversies requiring adjudication by this Court:

1. Ricky's right to due process and a full and fair trial were violated by the BOP's administration of inappropriate psychotropic medication.
2. The BOP's mishandling of Ricky's ███████████████ rendered him incompetent to stand trial in violation of his due process rights and the Fifth, Sixth, and Eighth Amendments and 18 U.S.C. § 313.[1]
3. Ricky's Fifth, Sixth, and Eighth Amendment rights were violated when the trial court failed to inquire into ███████████ after he displayed courtroom

---

[1] Redactions are in an attempt to conform with this Court's September 27, 2024 Sealed Order. R. 51.

behavior that objectively placed the Court on notice that his competency was in doubt.

4. Not at issue.
5. The joint trial of Ricky and Cramer violated Ricky's rights to a fair trial, cross-examination, confrontation, effective assistance of counsel, and fundamental due process under the Fifth and Eighth Amendments.[2]
   A. Had the trials been severed, evidence of Cramer's inculpatory statements would not have been admissible against Ricky. The admission violated Ricky's right to confrontation and cross examination and had a substantial and injurious effect on the outcome of the trial. Ricky was prejudiced.[3]
   B. The joint trial unnecessarily created a hostile atmosphere which prejudiced Ricky by making it appear that he and Cramer posed a threat to the jury and court members. This error was not harmless.[4]
   C. Not at issue.
   D. Christopher Cramer's lawyers performed so poorly that their ineffective assistance spilled over to Ricky. He was prejudiced by their ineffective performance and the error was not harmless.[5]
6. The Eastern District's jury selection process violated Ricky's constitutional rights and the JSSA.
7. The creation of a special wheel for Ricky's trial violated Ricky's constitutional rights, the JSSA, and the Eastern District's Jury Plan.
8. The Government unlawfully struck qualified prospective jurors on the basis of race/ethnicity.
9. The Government unlawfully struck qualified prospective jurors on the basis of sex.
10. The Government's misstatements of the law during voir dire violated Ricky's Sixth Amendment right to an impartial jury and a fair trial.

---

[2] This claim has been edited. The original claim read: The joint trial of Ricky and Cramer violated Ricky's rights to a fair trial, cross-examination, confrontation, effective assistance of counsel, *an individualized sentencing,* and fundamental due process under the Fifth and Eighth Amendments.

[3] This claim has been edited. The original claim read: Had the trials been severed, evidence of Cramer's inculpatory statements would not have been admissible against Ricky. The admission violated Ricky's right to confrontation and cross examination and had a substantial and injurious effect on the outcome *of all phases* of the trial. Ricky was prejudiced.

[4] This claim has been edited. The original claim read: The joint trial unnecessarily created a hostile atmosphere which prejudiced Ricky by making it appear that he and Cramer posed a threat to the jury and court members. This error *affected all phases of the trial and* was not harmless

[5] This claim has been edited. The original claim read: Christopher Cramer's lawyers performed so poorly that their ineffective assistance spilled over to Ricky. He was prejudiced by their ineffective performance *at all phases of trial* and the error was not harmless.

11. The trial court's improper granting of Government challenges, improper denial of defense challenges, and improper seating of biased jurors violated Ricky's right to an impartial jury.
12. The Government committed prosecutorial misconduct by arranging to have Elizabeth Rose placed in the same holding cell as Ricky and Cramer during their trial—and Rose's testimony was therefore inadmissible as violative of the Sixth Amendment.
13. Ricky's trial counsel violated his right to maintain his innocence.
14. Not at issue.
15. The Government violated Ricky's rights to compulsory process, to confrontation, to present a defense, and to a fair sentencing hearing through witness intimidation in violation of the Fifth and Eighth Amendments.
16. The Government knowingly presented false evidence in violation of Ricky's rights under the Fifth and Eighth Amendments.
17. Not at issue.
18. The abnormal security presence at trial denied Ricky a fair trial.
19. The Government withheld material exculpatory evidence which would have negated guilt for the offense in violation of Ricky's rights under the Fifth and Eighth Amendments.[6]
20. Not at issue.
21. Counsel were ineffective for failing to recognize the impact Ricky's medication would have on his demeanor during trial.
22. Ricky's trial counsel were ineffective in investigation, preparation, and presentation at his capital trial.
    A. Trial counsel were constitutionally ineffective at jury selection.
    B. Trial counsel were constitutionally ineffective in the innocence phase.
    C. Not at issue.
    D. Trial counsel's constitutionally deficient performance in failing to present a defense aided the Government's case for guilt. Had counsel discharged their duties consistent with prevailing professional norms, they would have shifted the myopic focus of the Government from isolated conduct to the larger issue of the systemic failures of the BOP. Counsel's failures prejudiced Ricky in violation of his rights to due

---

[6] This claim has been edited. The original claim read: The Government withheld material exculpatory evidence which would have *either* negated guilt for the offense *and/or mitigated punishment* in violation of Ricky's rights under the Fifth and Eighth Amendments.

process, a fair trial, confrontation, cross-examination, and effective assistance of counsel.[7,8]

23. Ricky received ineffective assistance of appellate counsel
24. Not at issue.
25. Not at issue.
26. Not at issue.
27. Not at issue.

Dated: March 21, 2025

Respectfully submitted,

FEDERAL PUBLIC DEFENDER FOR
THE MIDDLE DISTRICT OF TENNESSEE
CAPITAL HABEAS UNIT

KELLEY J. HENRY
Supervisory Asst. Federal Public Defender
810 Broadway, Suite 200
Nashville, TN 37203
Phone: (615) 736-5047
Fax: (615) 736-5265
Email: Kelley_Henry@fd.org

BY: /s/ *Kelley Henry*

---

[7] This claim has been edited. The original claim read: Trial counsel's constitutionally deficient performance in failing to present a defense *at any stage of the trial* aided the Government's case for guilt *and selection*. Had counsel discharged their duties consistent with prevailing professional norms, they would have shifted the myopic focus of the Government from isolated conduct to the larger issue of the systemic failures of the BOP. Counsel's failures prejudiced Ricky in violation of his rights to due process, a fair trial, confrontation, cross-examination, effective assistance of counsel*, and to be free from cruel and unusual punishment*.

[8] The only subpart of this claim no longer in controversy is subpart iv., to wit: Trial counsel was constitutionally ineffective in failing to present evidence to mitigate the Griffith Assault.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this document has been served on counsel for the government by electronic case filing via the PACER CM/ECF system.

*/s/ Kelley Henry*
Date: March 21, 2025